# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE JONES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CDCR, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01298-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 11)<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S MAILING ADDRESS AND RE-SERVE OCTOBER 25, 2024 ORDER (ECF No. 4) |

　　　Plaintiff Eugene Jones ("Plaintiff") is a state prisoner appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint, filed October 24, 2024, has not yet been screened.

　　　Although Plaintiff submitted a motion to proceed *in forma pauperis*, it was missing a second page, and therefore did not contain Plaintiff's signature or a signed authorization permitting withdrawals from Plaintiff's inmate account. It was also missing a certified copy of Plaintiff's trust account statement. Therefore, on October 25, 2024, the Court issued an order directing Plaintiff to submit a completed and signed application, or to pay the $405.00 filing fee for this action, within thirty days. (ECF No. 4.) The order was re-served to Plaintiff at Kern Valley State Prison on November 4, 2024, following the filing of Plaintiff's notice of change of address. (ECF No. 5.)

    Currently before the Court is Plaintiff's motion to appoint counsel and notice of change of address, filed November 8, 2024. (ECF No. 6.) In his motion, Plaintiff states that he does not wish to handle this case on his own without counsel. Plaintiff states that he has mental problems and is currently on crisis bed. Plaintiff will be going to Lancaster State Prison and will no longer be at Wasco State Prison, and when he goes to Lancaster he will mail the consent papers back. (*Id.*) Plaintiff submitted his consent/decline paperwork on November 12, 2024. (ECF No. 7.)

    Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

    The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners receiving mental health treatment who must also litigate their cases without the assistance of counsel.

    Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to determine whether it states a cognizable claim. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

///

With respect to Plaintiff's transfer, a review of the CDCR California Incarcerated Records and Information Search ("CIRIS") website as of the date of this order indicates that Plaintiff is currently housed at California State Prison, Los Angeles County, in Lancaster, California.[1]  Based on this information, the Court will direct the Clerk of the Court to update Plaintiff's mailing address and re-serve the Court's October 25, 2024 order.  The deadline for Plaintiff to submit a completed and signed application to proceed *in forma pauperis*, or pay the filing fee in full, will be extended accordingly.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel, (ECF No. 6), is DENIED, without prejudice;
2. The Clerk of the Court is DIRECTED to:
   a. Update Plaintiff's mailing address to California State Prison, Los Angeles County; and
   b. Re-serve the October 25, 2024 order, (ECF No. 4), on Plaintiff at his new address of record; and
3. **Plaintiff is warned that failure to comply with the Court's October 25, 2024 order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **November 13, 2024**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court may take judicial notice of public information stored on the CDCR CIRIS website.  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d. 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).