# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01298-BAM (PC)<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF Nos. 13, 16) |

Plaintiff Eugene Jones ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

On November 8, 2024, Plaintiff filed a motion to appoint counsel. (ECF No. 6.) In his motion, Plaintiff stated that did not wish to handle this case without counsel, and he has mental problems and is currently on crisis bed. (*Id.*) On November 13, 2024, the Court issued an order denying the motion, without prejudice, finding that Plaintiff had not met the required exceptional circumstances for appointment of counsel. (ECF No. 9.) In the same order, the Court also extended the deadline for Plaintiff to file a completed application to proceed *in forma pauperis*. (*Id.*)

Since the November 13, 2024 order, the Court has received eight different communications from Plaintiff, including notices of change of address, motions to proceed *in*

*forma pauperis*, and requests for the Court to reconsider its denial of Plaintiff's original motion to appoint counsel.  (ECF Nos. 10–14, 16–18.)  Plaintiff's motions to proceed *in forma pauperis* were granted on November 25, 2024.  (ECF No. 15.)

Currently before the Court are two filings which the Court construes as requests for reconsideration of the order denying Plaintiff's motion to appoint counsel.  (ECF Nos. 13, 16.)  In these motions, Plaintiff states that he needs counsel in this case, as he understands some but not all of the writing.  Plaintiff believes that correctional officers are messing with his mail, because he mailed his trust account papers to the Court.  Plaintiff states that it is unfair for the Court to deny his request for counsel especially with Plaintiff having mental issues, never going to school, and being housed in EOP housing, which is a mental health facility.  (ECF No. 13.)  Plaintiff states that he also needs counsel due to ongoing medical issues with his hand and because doctors have said he is anemic and that they want to do surgery on him to see if he has cancer.  Plaintiff states again that he believes correctional officers are interfering with mail he is sending to the Court.  (ECF No. 16.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision.  *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

In his requests for reconsideration, Plaintiff generally raises the same arguments made in his original motion to appoint counsel regarding his physical and mental health. Plaintiff also argues that counsel should be appointed due to his difficulties sending mail to the Court. However, these arguments do not provide a basis to reverse the Court's prior order denying appointment of counsel.

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

Plaintiff's lack of education in legal matters, current educational level, and current physical and mental health treatment do not demonstrate exceptional circumstances. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and receiving mental health treatment almost daily.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. The Court has not yet screened the complaint to determine if Plaintiff has stated any cognizable claims upon which this action may proceed, and based on a review of the brief record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Finally, the Court has received all necessary paperwork related to Plaintiff's motion to proceed *in forma pauperis*, and the request has already been granted. It does not appear that there

are any further issues related to Plaintiff's mail, and therefore this does not provide a reason to appoint counsel in this action.

Accordingly, Plaintiff's requests for reconsideration, (ECF Nos. 13, 16), are HEREBY DENIED.  Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **December 3, 2024**              /s/ Barbara A. McAuliffe            _
UNITED STATES MAGISTRATE JUDGE