# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01298-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>(ECF No. 21)<br><br>ORDER DENYING PLAINTIFF'S MOTION REGARDING PROPERTY<br>(ECF No. 22) |

**I.      Procedural Background**

Plaintiff Eugene Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.

On November 8, 2024, Plaintiff filed a motion to appoint counsel.  (ECF No. 6.)  On November 13, 2024, the Court issued an order denying the motion, without prejudice, finding that Plaintiff had not met the required exceptional circumstances for appointment of counsel.  (ECF No. 9.)  Thereafter, Plaintiff filed two requests for the Court to reconsider its order denying Plaintiff's motion to appoint counsel.  (ECF Nos. 13, 16.)  Both motions were denied because they raised the same arguments made in Plaintiff's original motion to appoint counsel and did not provide a basis to reverse the Court's prior order.  (ECF No. 20.)

1

On December 13, 2024, Plaintiff filed a third request for the Court to reconsider its order denying Plaintiff's motion for counsel. (ECF No. 21.) On December 30, 2024, Plaintiff also filed a motion regarding his property. (ECF No. 22.) Both motions are denied, for the reasons explained below.

**II.     Motion for Reconsideration of Order Denying Motion to Appoint Counsel**

As in his prior motions for reconsideration, Plaintiff requests that the Court appoint him counsel due to various mental and physical medical issues. (ECF No. 21.) Plaintiff argues that he has important papers to submit to the Court to support his claims in this action, but he has been unable to get his belongings following his transfer from Wasco State Prison to Lancaster State Prison. (*Id.*)

As Plaintiff was previously informed, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Again, Plaintiff raises the same arguments, and has failed to present any new or different facts or circumstances that did not exist or were not shown in his previous motions. Plaintiff is advised that the Court accepts Plaintiff's allegations regarding his physical and mental health concerns as true, and supporting documents or evidence are not necessary to support his request

for counsel.  Even taking Plaintiff's allegations as true, the Court does not find that Plaintiff's situation meets the "exceptional circumstances" appropriate to appoint counsel in this action.

Plaintiff's renewed motion for reconsideration is therefore denied for the same reasons articulated in the Court's prior order.  (ECF No. 20.)

Plaintiff has now filed three separate requests for reconsideration of the Court's order denying his motion to appoint counsel.  None of these motions includes new or different information that would make reconsideration appropriate.  Such repetitive filings waste the Court's limited resources and delays the resolution of this action.  **Plaintiff is warned that filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, may subject him to sanctions pursuant to Federal Rule of Civil Procedure 11**.  "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'"  *Islamic Shura Council of So. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

### III.     Motion Regarding Property

In his motion regarding property, Plaintiff states that since his transfer from Wasco State Prison to Lancaster State Prison over a month ago, he has not received his property, even though two other individuals who were transferred without property at the same time now have their belongings.  (ECF No. 22.)  Plaintiff has submitted numerous request slips to the property officer at Lancaster and Wasco without any relief.  In his property are papers he needs to send to the Court to support his claims in this action.  Plaintiff submitted a grievance that was reassigned to Wasco, and gives CDCR two months to respond.  Plaintiff believes his property has been disposed of by Wasco officials and requests the Court's assistance.  (*Id.*)

Plaintiff is reminded that while exhibits are permissible if incorporated by reference into the complaint, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are

intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Therefore, Plaintiff's motion regarding his property is denied, to the extent he argues that access to his property is necessary so he can submit paperwork to support his claims in this action.  At the pleading stage, the Court accepts the facts alleged in the complaint as true, and documents or other evidence are not necessary to support Plaintiff's allegations.

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

To the extent Plaintiff believes his rights are being violated, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court.  *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioners prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities).  The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum.  The issue is that this action cannot be used by Plaintiff obtain the relief he seeks.  The seriousness of Plaintiff's allegations concerning deprivation of his property do not overcome what is a jurisdictional bar.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

**IV.    Order**

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's renewed motion for reconsideration of the Court's order denying Plaintiff's motion to appoint counsel, (ECF No. 21), is DENIED;

2. Plaintiff's motion regarding property, (ECF No. 22), is DENIED; and

3. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:  **January 6, 2025**          /s/ *Barbara A. McAuliffe*          _
                                    UNITED STATES MAGISTRATE JUDGE