# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>CDCR, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-01298-KES-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br>(ECF No. 29)<br><br>ORDER CONSTRUING PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS AS MOTION FOR LEAVE TO AMEND<br>(ECF No. 32)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br>(ECF No. 32)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Eugene Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 16, 2025, the Court screened Plaintiff's first amended complaint filed May 6, 2024, and issued findings and recommendations that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted. (ECF No. 29.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) Following the Court's order

1

1 | striking Plaintiff's unsigned June 4, 2025 filing and granting Plaintiff an extension of time to
2 | resubmit his objections, Plaintiff timely filed signed objections to the findings and
3 | recommendations on June 20, 2025.  (ECF Nos. 30–32.)

4 |     In his objections, Plaintiff objects only to the findings and recommendations with respect
5 | to his excessive use of force claim and the failure to protect claim.  (ECF No. 32, p. 1.)  Plaintiff
6 | argues that after he was attacked by several inmates, Defendant John Doe #1 handcuffed Plaintiff.
7 | Once the handcuffs were on, John Doe #1 forcefully grabbed Plaintiff by his right arm, then
8 | forcefully broke Plaintiff's finger.  This was done intentionally to hurt Plaintiff.  Officers at
9 | CDCR are trained on handcuffing prisoners safely and without causing a serious injury such as
10 | this one.  John Doe #1 did not apologize to Plaintiff for breaking Plaintiff's finger.  The act was
11 | done because of the many staff complaints filed at the prison by Plaintiff.  As John Doe #1
12 | escorted Plaintiff to medical he even stated, "That's your writing hand huh. File those complaints
13 | now."  (*Id.* at 2.)

14 |     As to his failure to protect claim, Plaintiff alleges that before the attack took place on May
15 | 24, 2024, Plaintiff did in fact verbally inform Defendant John Doe #2 that he didn't feel safe in
16 | that dorm or that facility.  John Doe #2 spoke to Plaintiff concerning Plaintiff's written and verbal
17 | complaints, and completely ignored the risk.  Plaintiff was left on that facility.  John Doe #2
18 | could have prevented the attack upon Plaintiff but instead did nothing.  Days later several inmates
19 | attacked Plaintiff, beating him badly.  After the attack, John Doe #2 had/instructed officers to
20 | keep Plaintiff on the same facility, fully aware that Plaintiff had gotten beaten by several inmates.
21 | The incidents are all captured on video footage.  John Doe #2 cannot deny that he was not aware.
22 | (*Id.*)

23 |     Based on the above allegations, many of which were not included in Plaintiff's first
24 | amended complaint, Plaintiff requests that the Court reconsider the findings and
25 | recommendations as to his excessive force and failure to protect claims.

26 |     While Plaintiff's complaint must be construed liberally, Plaintiff must set forth "sufficient
27 | factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*
28 | *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  Though detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  As discussed in the findings and recommendations, Plaintiff's first amended complaint provided only conclusory statements regarding his excessive force and failure to protect claims.  Further, Plaintiff was provided the applicable pleading standards, (*see* ECF No. 26), and was unable to cure the identified deficiencies when he filed the first amended complaint.  Accordingly, the Court does not find it appropriate to allow Plaintiff's claims to proceed as currently pled in the first amended complaint.

However, in light of Plaintiff's *pro se* status and in an abundance of caution, the Court finds it appropriate to vacate the pending findings and recommendations and to grant Plaintiff a **final opportunity** to amend his complaint.  Plaintiff is granted leave to file a second amended complaint, **limited to Plaintiff's claim for excessive force against Defendant John Doe #1 and Plaintiff's claim for failure to protect against Defendant John Doe #2**.  The Court will screen the second amended complaint in due course to determine whether it states a cognizable claim for relief.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on May 16, 2025, (ECF No. 29), are VACATED;
2. Plaintiff's objections to the findings and recommendations, (ECF No. 32), are CONSTRUED as a motion for leave to file a second amended complaint;
3. Plaintiff's motion for leave to file a second amended complaint, (ECF No. 32), is GRANTED;
4. The Clerk's Office shall send Plaintiff a complaint form;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint, **limited to Plaintiff's claim for excessive force against Defendant John Doe #1 and Plaintiff's claim for failure to protect against Defendant John Doe #2**; and
6. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **June 26, 2025**           /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

4