# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE JONES, | Case No. 1:24-cv-01298-KES-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| CDCR, *et al.*, | |
| Defendants. | (ECF No. 33) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Eugene Jones is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 16, 2025, the Court screened Plaintiff's first amended complaint filed May 6, 2024, and issued findings and recommendations that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted. (ECF No. 29.)  Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.*)  Following the Court's order striking Plaintiff's unsigned June 4, 2025 filing and granting Plaintiff an extension of time to resubmit his objections, Plaintiff timely filed signed objections to the findings and recommendations on June 20, 2025.  (ECF Nos. 30-32.)

1

1    On June 26, 2025, the Court construed Plaintiff's objections as a motion for leave to file a
2 second amended complaint. (ECF No. 33.) The Court therefore vacated the findings and
3 recommendations issued on May 16, 2025 (ECF No. 29), granted Plaintiff leave to amend, and
4 ordered Plaintiff to file a second amended complaint, **limited to Plaintiff's claim for excessive**
5 **force against Defendant John Doe #1 and Plaintiff's claim for failure to protect against**
6 **Defendant John Doe #2**, within thirty days after service. (ECF No. 33 at 4) (emphasis in
7 original). Plaintiff was expressly warned that if he failed to file a second amended complaint in
8 compliance with the Court's order, then this action would be dismissed, with prejudice, for failure
9 to obey a court order, failure to prosecute, and failure to state a claim. (*Id.* at 4.) Plaintiff failed
10 to file a second amended complaint or otherwise communicate with the Court, and the deadline to
11 do so has expired.

12    **II.    Failure to State a Claim**
13       **A. Screening Requirement**
14    The Court is required to screen complaints brought by prisoners seeking relief against a
15 governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.
16 § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
17 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
18 relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).
19    A complaint must contain "a short and plain statement of the claim showing that the
20 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
21 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
22 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
23 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as
24 true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
25 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
26    To survive screening, Plaintiff's claims must be facially plausible, which requires
27 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
28 for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Los Angeles County, in Lancaster, California.  Plaintiff alleges the events in the operative first amended complaint occurred while he was housed at Wasco State Prison.  Plaintiff names as defendants: (1) John Doe #1, correctional officer, (2) Loucue,[1] correctional officer, (3) Boney, correctional nurse, (4) John Doe #2, prison warden.

Plaintiff alleges a claim for excessive force in violation of the Eighth Amendment. Plaintiff alleges that on 5/24/24, Plaintiff was housed in an open dorm setting.  At about 10:00 p.m., several inmates physically attacked Plaintiff.  When Defendant John Doe #1 showed up and assisted other officers to break up the attack on Plaintiff, John Doe #1 forcefully grabbed Plaintiff by Plaintiff's right arm and forcefully handcuffed Plaintiff.  As Plaintiff was being forcefully handcuffed, he felt something very sharp poke him in his right hand and it went immediately numb, lacking all sensation.  He felt a burning throughout his hand and body.

Defendant John Doe #1 had intentionally broken the right hand finger of Plaintiff. Plaintiff was taken to an outside hospital, had x-rays and confirmed that Defendant John Doe #1 had broken Plaintiff's finger.

When Plaintiff returned from the hospital, Defendant John Doe #2 had Plaintiff placed back on the same prison facility yard that the physical attack had occurred upon Plaintiff.  John Doe #2 ignored that Plaintiff had been the victim of a rat pack kind of attack and failed to protect Plaintiff.  Plaintiff remained on that same prison yard only to be attacked over and over again by other inmates.  Plaintiff started submitting 602 appeals seeking resolution.  Plaintiff received no protection from John Doe #2 who failed to redress Plaintiff's safety concerns.

On July 17, 2024, Plaintiff had a follow up appointment with the outside hospital.

---

[1] The spelling of this name is unclear from the allegations.

3

Defendant Loucue was the transporting officer who took Plaintiff to his appointment. As Defendant Loucue was placing the legs/ankle restraints on Plaintiff's ankles, he poked Plaintiff with something of an object on the top of his left foot. Plaintiff immediately felt a tingling throughout the area and body. Plaintiff informed Defendant Loucue that Plaintiff wanted to seek medical treatment immediately. That same day, 7/18/24, Plaintiff was escorted to medical facility. Plaintiff's foot was looked at by Defendant Boney, who is correctional nursing staff. Defendant Boney decided to help Defendant Loucue cover up Plaintiff's injuries by claims she did not see any physical injuries to his foot. He was denied treatment by Defendant Boney. On 7/22/24, Plaintiff's foot was in pain and swelling up. Plaintiff immediately reported this to the correctional officer who saw the physical injuries caused by Defendant Loucue that went untreated by Defendant Boney. Defendant John Doe #2 completely ignored Plaintiff's injuries and ignored Plaintiff's verbal complaints to contact him. Instead of escorting Plaintiff directly to medical for treatment, the officers were instructed by Defendant John Doe #2 to escort Plaintiff to a holding lock up cage.

Plaintiff was rehoused to a new facility on the next day, Plaintiff became very disturbed by mental anguish and reported feeling suicidal to custody officers for fear of his life. Plaintiff believed that the Defendants were trying to either harm him or kill him. When Plaintiff was discharged from the crisis bed unit, and returned back to Wasco State Prison, Defendant John Doe #2 had Plaintiff placed back on B-facility intentionally to stage violence, fully aware that Plaintiff's life was in danger by others.

As remedies, Plaintiff seeks compensatory and punitive damages.

### C. Discussion

Plaintiff's first amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20, and fails to state a cognizable claim for relief.

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1  conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must
2  set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
3  its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations
4  are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,
5  572 F.3d at 969.

6  Plaintiff's first amended complaint is relatively short, but it is not a plain statement of his
7  claims.  While it identifies the specific claims, the allegations are conclusory as to what happened
8  and who was involved.  General assertions regarding the failure of defendants to provide him
9  with proper medical care or failing to protect him are not sufficient. Plaintiff's complaint does not
10 contain enough factual content to permit the Court to draw the reasonable inference that any
11 defendant violated Plaintiff's rights.

**2. Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As Plaintiff was previously instructed, Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not state unrelated claims, arising on different dates, regarding different failure to protect or excessive force. The different excessive force incidents are not related.  Merely because Plaintiff was housed at Wasco State Prison when the incidents occurred does not make every injury or incident related

5

### 3. Supervisory Liability

Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1970).

Here, Plaintiff has failed to establish that Defendant Warden, or other supervisor, participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation. Plaintiff's conclusory allegation that Defendant John Doe #2 (Warden) "had Plaintiff placed" in a particular housing facility is not supported by any factual allegations. In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021).

**4. Eighth Amendment**

    a. <u>Excessive Force</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9.

Plaintiff fails to state a claim for being "forcefully" grabbed and handcuffed. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While having his finger broken when cuffed indicates force being used, Plaintiff fails to allege facts to support that the harm was maliciously and sadistically inflicted. Plaintiff alleges he was being attacked and officers come in to break up the attack and the force relates to the prison's legitimate penological interest in maintaining security and order.

7

Plaintiff fails to state a cognizable claim against the transporting officer Loucue for injuring his foot. The facts do not indicate that the injury was anything other than an accident while putting on the restraints and does not allege facts from which the Court may infer that the force was maliciously and sadistically applied to cause harm. Moreover, this claim is improperly joined.

### b. Deliberate Indifference to Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a

prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim against staff nurse Boney. Plaintiff alleges that Plaintiff's foot was looked at by Defendant Boney who said she did not see any injury. Plaintiff does not allege any injury was apparent when Defendant Boney looked at his foot, but that the physical manifestations appeared four days later. Plaintiff's opinion and Defendant Boney's opinion are merely difference of opinions. Difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.

c. <u>Failure to Protect</u>

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511

U.S. at 835, 114 S.Ct. 1970.

It is unclear from the allegations if Plaintiff is claiming that any defendant failed to protect Plaintiff from the attack. Plaintiff fails to state a cognizable claim against any defendant because Plaintiff fails to allege any factual support that any defendant was aware that Plaintiff was at risk of serious harm and failed to take reasonable action.

To the extent Plaintiff is challenging being housed in a facility or rehoused in a facility where he was attacked, Plaintiff fails to state a claim. Plaintiff's conclusory allegation that John Doe #2 "had plaintiff housed" in a particular facility fails to allege any facts that John Doe #2 knew Plaintiff had been attacked at the facility or would be attacked. Plaintiff fails to allege facts that John Doe #2 knew of Plaintiff's complaints, because merely alleging that Plaintiff made verbal complaints does not allege John Doe #2 received Plaintiff's verbal complaints or reviewed Plaintiff's complaints.

As mentioned above, any claim premised on the failure to house Plaintiff at a particular institution or in particular housing fails because Plaintiff is not entitled to be housed in any particular institution or facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021).

### 5. Doe Defendants

Plaintiff names several doe defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

11

progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's June 26, 2025 order expressly warned Plaintiff that his failure to file a second amended complaint would result in dismissal of this action, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim. (ECF No. 33 at 4.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.   Conclusion and Recommendation

For the reasons stated, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

1 appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 13, 2025**          /s/ Barbara A. McAuliffe          
                                    UNITED STATES MAGISTRATE JUDGE