# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE JONES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CDCR, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:24-cv-01298-KES-BAM<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 34) |

Plaintiff Eugene Jones is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 16, 2025, the Court screened Plaintiff's first amended complaint filed May 6, 2024, and issued findings and recommendations that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.  (ECF No. 29.)  Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.*)  Following the Court's order striking Plaintiff's unsigned June 4, 2025 filing and granting Plaintiff an extension of time to resubmit his objections, Plaintiff timely filed signed objections to the findings and recommendations on June 20, 2025.  (ECF Nos. 30-32.)

///

1

On June 26, 2025, the Court construed Plaintiff's objections as a motion for leave to file a second amended complaint. (ECF No. 33.) The Court therefore vacated the findings and recommendations issued on May 16, 2025 (ECF No. 29), granted Plaintiff leave to amend, and ordered Plaintiff to file a second amended complaint, **limited to Plaintiff's claim for excessive force against Defendant John Doe #1 and Plaintiff's claim for failure to protect against Defendant John Doe #2**, within thirty days after service. (ECF No. 33 at 4) (emphasis in original). Plaintiff's second amended complaint was due on or before July 29, 2025.

On August 13, 2025, after Plaintiff failed to file a second amended complaint, the Court issued findings and recommendations to dismiss this action, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute. (ECF No. 34.)

On August 14, 2025, Plaintiff filed a second amended complaint, which is signed and dated July 12, 2025. (ECF No. 35.) Applying the mailbox rule, Plaintiff's second amended complaint is timely.[1] The Court therefore finds it appropriate to vacate the pending findings and recommendations.

Accordingly, the findings and recommendations issued on August 13, 2025, (ECF No. 34), are HEREBY VACATED. Plaintiff's second amended complaint, filed August 14, 2025, will be screened in due course.

IT IS SO ORDERED.

Dated:   **August 15, 2025**            /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Under the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions). Plaintiff's second amended complaint lacks a proof of service, but it is signed and dated July 12, 2025 (ECF No. 35 at 10), so the Court will deem it filed on that date. *Butler v. Long*, 752 F.3d 1177, 1178 n. 1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule.").