1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 EUGENE JONES, | Case No. 1:24-cv-01298-KES-BAM (PC) |
| 12 Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN |
| 13 v. | CLAIMS AND DEFENDANTS |
| 14 CDCR, *et al.*, | (ECF No. 35 ) |
| 15 Defendants. | **FOURTEEN (14) DAY DEADLINE** |

16

17      Plaintiff Eugene Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18 *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's second amended

19 complaint is currently before the Court for screening.  (ECF No. 35.)

20 **I.      Screening Requirement and Standard**

21      The Court is required to screen complaints brought by prisoners seeking relief against a

22 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

23 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

24 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

25 relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

26      A complaint must contain "a short and plain statement of the claim showing that the

27 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

28 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

2    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

3    true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

4    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

5         To survive screening, Plaintiff's claims must be facially plausible, which requires

6    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

7    for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

8    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

9    is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

10    standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

11    **II.    Plaintiff's Allegations**

12         Plaintiff is currently housed at California State Prison, in Los Angeles, California.

13    Plaintiff alleges the events in the complaint occurred while he was housed at Wasco State Prison.

14    Plaintiff names as defendants:[1] (1) Correctional office Borrego, (2) Correctional officer Hurd.

15         In claim 1, Plaintiff alleges use of excessive force in violation of the Eighth Amendment.

16    On 5/21/24, while housed on C-yard in Wasco State Prison, Plaintiff was attacked and badly

17    beaten by several S.T.G. (security threat group) inmate gang members. Plaintiff was not legally

18    ever meant to be housed on C yard in an "open dorm setting."  Plaintiff's CDCR security level is

19    a 3 of 4 requiring Plaintiff to be housed inside a locked cell.  By placing Plaintiff inside an open

20    dorm setting (C yard), Plaintiff was harmed which should not have happened.  Plaintiff was

21    injured.  Also in this same incident of 5/21/24, correctional officer Borrego attempted to apply

22    handcuffs on Plaintiff for transportation to the hospital for injuries suffered while on C-yard.  He

23

24    [1] The caption of the second amended complaint continues to name C.D.C.R. as a defendant, although the allegations do not assert any conduct against C.D.C.R.  Fed. R. Civ. P. 10.

25    Regardless, Plaintiff could not state a cognizable claim against C.D.C.R.  As Plaintiff was previous informed, "[t]he Eleventh Amendment bars suits for money damages in federal court

26    against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *see also Brown v. Cal. Dep't. of*

27    *Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).  The Court does

28    not address C.D.C.R any further.

1    broke and snapped Plaintiff's third finder on his right hand causing irreparable ligament damage.

2    Plaintiff now has a permanent deformity to his right hand with very limited functioning and a

3    permanent disability.

4          In claim 2, Plaintiff alleges a failure to protect in violation of the Eighth Amendment.

5    Plaintiff alleges that Officer Hurd showed and did gross negligence to Plaintiff while housed in

6    C-yard H-3 Dorm.  Plaintiff informed him several times that Plaintiff's well-being and safety was

7    in jeopardy while housed on C-yard.  Then days later, Plaintiff was attacked by 15 S.T.G. inmates

8    also being stabbed in the face and head and body.  Plaintiff alleges he asked Officer Hurd to call

9    someone (supervisor or sergeant) to remove Plaintiff from C-yard because Plaintiff was a level 4

10   inmate and Plaintiff' didn't feel safe being housed in an open dorm setting which was a yard

11   classified as a level 1 or 2 facility.  After Plaintiff was jumped by S.T.G. gang, officer Borrego

12   placed cuffs on Plaintiff twisting Plaintiff's arm with unnecessary force behind Plaintiff's back

13   breaking Plaintiff finger and snapping the ligament to the third finger.  Plaintiff was not resisting.

14   Plaintiff constantly filed 602s about the treatment he was receiving from inmates and correctional

15   staff.

16         As remedies, Plaintiff asks that the correctional officer be fired.  He also seeks damages.

17   **III.  Request to be Appointed Counsel**

18         Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

19   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

20   n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28

21   U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298

22   (1989).  However, in certain exceptional circumstances the court may request the voluntary

23   assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

24         Without a reasonable method of securing and compensating counsel, the Court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

27   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

28   complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

3

1    The Court has considered Plaintiff's request, but does not find the required exceptional

2    circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

3    would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

4    almost daily by prisoners suffering from severe medical or mental health conditions.  These

5    plaintiffs also must litigate their cases without the assistance of counsel.

6    Furthermore, at this stage in the proceedings, the Court cannot make a determination that

7    Plaintiff is likely to succeed on the merits.  While Plaintiff's second amended complaint, as

8    screened below, states a cognizable claim, the Court cannot conclude that Plaintiff's claims are

9    likely to succeed on the merits.  Finally, based on a review of the record in this case, the Court

10    does not find that Plaintiff cannot adequately articulate his claims.

11    **IV.    Discussion**

12    **Eight Amendment**

13    **1.  Excessive Force**

14    The Eighth Amendment protects prisoners from inhumane methods of punishment and

15    from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

16    2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual

17    Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

18    (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must

19    provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

20    *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

21    "[W]henever prison officials stand accused of using excessive physical force in violation

22    of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-

23    faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

24    *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,]

25    the need for application of force, the relationship between that need and the amount of force used,

26    the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the

27    severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ).

28    Finally, because the use of force relates to the prison's legitimate penological interest in

4

1    maintaining security and order, the court must be deferential to the conduct of prison officials.

2    *See Whitley*, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a

3    federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution

4    provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley*

5    *v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

6           Liberally construing the allegations in the second amended complaint, Plaintiff states a

7    cognizable claim against correctional officer Borrego for excessive force in handcuffing Plaintiff

8    using force sufficient to break Plaintiff's finger while Plaintiff was not resisting the handcuffs.

9           **2.   Failure to Protect**

10          A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials

11   only where the officials acted with "deliberate indifference" to the threat of serious harm or injury

12   to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also

13   *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor

14   that prisoner is snitch may state claim for violation of right to be protected from violence while in

15   state custody), or by physical conditions at the prison. The official must both be aware of facts

16   from which the inference could be drawn that a substantial risk of serious harm exists, and he

17   must also draw the inference. *See Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Mere negligent

18   failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511

19   U.S. at 835, 114 S.Ct. 1970.

20          Liberally construing the allegations in the second amended complaint, as the Court must

21   at this juncture, Plaintiff states a cognizable claim against correctional officer Hurd for failure to

22   protect for failing to address Plaintiff's repeated concerns about unsafe housing.

23          Plaintiff is informed that any claim premised on the failure to house Plaintiff at a

24   particular institution or in particular housing fails because Plaintiff is not entitled to be housed in

25   any particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*,

26   427 U.S. 215, 225 (1976). In general, prison officials' housing and classification decisions do not

27   give rise to federal constitutional claims encompassed by the protection of liberty and property

28   guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242

                                         5

1    (1976) (It is well settled that prisoners have no constitutional right to placement in any particular

2    prison, to any particular security classification, or to any particular housing assignment); *accord*

3    *King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May

4    21, 2021).  Therefore, any claim that Plaintiff was not housed or was housed at a certain security

5    level correctional facility is not a cognizable claim.

6          **Injunctive Relief**

7          Plaintiff seeks to have defendants fired. This is a request for prospective injunctive relief.

8    Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison

9    Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is

10   narrowly drawn, extends no further than necessary to correct the violation of the Federal right,

11   and is the least intrusive means necessary to correct the violation of the Federal right." In cases

12   brought by prisoners involving conditions of confinement, any injunction "must be narrowly

13   drawn, extend no further than necessary to correct the harm the court finds requires preliminary

14   relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

15   Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond

16   maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a

17   preliminary injunction and should not grant such relief unless the facts and law clearly favor the

18   plaintiff." *Committee of Central American Refugees v. I.N.S.,* 795 F.2d 1434, 1441 (9th Cir.

19   1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

20   Plaintiff's request to fire Defendants is not narrowly drawn and is not the least intrusive means

21   necessary to correct the harms alleged.

22   **V.    Conclusion and Recommendation**

23         Based on the above, the Court finds that Plaintiff's second amended complaint

24   states a cognizable claim against correctional officer Borrego for excessive force and

25   against correctional officer Hurd for failure to protect, in violation of the Eighth

26   Amendment.  However, Plaintiff's second amended complaint fails to state any other

27   cognizable claims for relief against any other defendants.  Despite being provided with the

28   relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in

1  the second amended complaint. Further leave to amend is not warranted. *Lopez v. Smith*,

2  203 F.3d 1122, 1130 (9th Cir. 2000).

3           Accordingly, it is HEREBY RECOMMENDED that:

4    1.  This action proceed on Plaintiff's second amended complaint, filed August 14, 2025,

5        (ECF No. 35), against correctional officer Borrego for excessive force and against

6        correctional officer Hurd for failure to protect, in violation of the Eighth Amendment; and

7    2.  All other claims and defendants be dismissed based on Plaintiff's failure to state claims

8        upon which relief may be granted.

9                                          * * *

10          These Findings and Recommendations will be submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

12  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

13  file written objections with the court.  The document should be captioned "Objections to

14  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

15  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

16  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

17  **limit may not be considered.**  The parties are advised that failure to file objections within the

18  specified time may result in the waiver of the "right to challenge the magistrate's factual

19  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

20  *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

21

    IT IS SO ORDERED.
22

23     Dated:   **December 19, 2025**           /s/ *Barbara A. McAuliffe*
24                                             UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                            7