# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EUGENE JONES,

                Plaintiff,

      v.

CDCR, *et al.*,

                Defendants.

Case No.  1:24-cv-01298-KES-BAM (PC)

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 40)

**THIRTY (30) DAY DEADLINE**

### I.    Background

Plaintiff Eugene Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 19, 2025, the Court screened the second amended complaint and found that it stated a cognizable claim against correctional officer Borrego for excessive force and a cognizable claim against correctional officer Hurd for failure to protect, in violation of the Eighth Amendment.  (ECF No. 39.)  The Court also found that the second amended complaint failed to state any other cognizable claims for relief against any other defendants.  (*Id.*)  The Court therefore issued findings and recommendations that recommended this action proceed on

1

Plaintiff's second amended complaint, filed August 14, 2025, (ECF No. 35), against correctional officer Borrego for excessive force and against correctional officer Hurd for failure to protect, in violation of the Eighth Amendment.  (*Id.*)  The Court also recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.  (*Id.*)  The Court served the findings and recommendations on Plaintiff and notified him that objections must be filed within fourteen days.  (*Id.*)

Currently before the Court is Plaintiff's "Objections to Magistrate Recommendation, Counsel," filed January 8, 2026.  (ECF No. 40.)  Plaintiff states he just received the Court's orders and recommendations.  He is currently in medical on Crisis Bed.  (*Id.*)  He alleges custody is harassing him, playing with his mail, turning off his tablet, and preventing him from doing his legal work.  He asks the Court to grant him more time to go over the Court's orders.  He also would like the Court to consider granting him counsel "because some of the words that's in your letter I don't understand."  (*Id.*)  The Court construes Plaintiff's filing as a motion for an extension of time to file objections to the December 19, 2025 findings and recommendations and a renewed motion for the appointment of counsel.

## II.    **Request for Extension of Time**

With respect to Plaintiff's request for an extension of time to file objections to the findings and recommendations, the Court finds good cause for the requested extension.  Although Plaintiff does not specify the amount of time requested, the Court finds that an extension of thirty days is appropriate under the circumstances.  **Any future requests for an extension of this deadline must be supported by good cause**.

## III.    **Renewed Motion for Appointment of Counsel**

As Plaintiff previously has been informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113

F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners who must also litigate their cases without the assistance of counsel.

Further, while the Court has found that Plaintiff has stated cognizable claims for relief at the screening stage, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Plaintiff has been able to state cognizable claims for relief without the assistance of counsel.

### IV.    Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for an extension of time to file objections to the December 19, 2025 findings and recommendations, (ECF No. 40), is GRANTED.

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file his objections, if any, to the December 19, 2025 findings and recommendations.

3. Plaintiff's renewed motion for appointment of counsel, (ECF No. 40), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 13, 2026**              /s/ *Barbara A. McAuliffe*      _
                                          UNITED STATES MAGISTRATE JUDGE

3