# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE JONES, | Case No.  1:24-cv-01298-KES-BAM (PC) |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S MOTION AS MOTION FOR ENTRY OF DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55 AND MOTION FOR CASE STATUS UPDATE |
| v. | |
| C.D.C.R., *et al.*, | |
| Defendants. | ORDER DENYING MOTION FOR ENTRY OF DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55 |
| | ORDER GRANTING MOTION FOR CASE STATUS UPDATE |
| | (ECF No. 52) |

Plaintiff Eugene Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Borrego for excessive force and against Defendant Hurd for failure to protect, all in violation of the Eighth Amendment.

On February 23, 2026, the Court directed service of the operative complaint and summonses on Defendants Borrego and Hurd through the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  (ECF No. 48.)  Defendants filed executed waivers of service on April 22, 2026.  (ECF No. 51.)

Currently before the Court is Plaintiff's "Motion Fed. Rule 4 Failure to Respond = Default

1

= of Judgment," filed May 4, 2026.  (ECF No. 52.)  Plaintiff states that on February 23, 2026, the Court "filed service" on Defendants Borrego and Hurd "with instruction to respond within 60 days."  (*Id.*)  Plaintiff asserts that it has been over 60 days.  Additionally, Plaintiff asks for any update regarding this matter and wants to "know if an operative report been submitted – Summary of Judgement."  (*Id.* at 1-2 (unedited text).)  The Court construes the motion as a motion for entry of default pursuant to Federal Rule of Civil Procedure 55 and a motion for case status update.

### I.      Motion for Entry of Default

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  Fed. R. Civ. P. 55(a).

Pursuant to the Court's February 23, 2026 order directing e-service, Defendants need not serve an answer to the complaint until May 22, 2026.  (*See* ECF No. 48 at 2-3.)  Unless and until Defendants fail to respond by May 22, 2026, Defendants are not in default and Plaintiff is not entitled to entry of default.

### II.     Motion for Case Status Update

As to the case status, Plaintiff is advised that due to the large number of civil actions pending before the Court, the Court is unable to respond in writing to individual inquiries regarding the status of a case.  The Court is responding to Plaintiff's current inquiry as a one-time courtesy, and Plaintiff is informed that, to date, no motions for summary judgment have been filed.  Defendants' response to the complaint is not due until May 22, 2026.  As long as Plaintiff updates the Court with his current address, he will receive all orders which might affect the status of his case.  If Plaintiff wishes to receive confirmation that the Court has received a notice or motion, he must file an extra copy of the notice or motion, together with a self-addressed, stamped envelope that includes the correct postage.

### III.    Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1.  Plaintiff's motion filed on May 4, 2026, (ECF No. 52), is construed as a motion for

2

entry of default pursuant to Federal Rule of Civil Procedure 55 and a motion for case status update;

2.  Plaintiff's motion for entry of default is DENIED;

3.  Plaintiff's motion for case status update is GRANTED, as discussed above.

IT IS SO ORDERED.

Dated:    **May 6, 2026**            /s/ *Barbara A. McAuliffe*
                          UNITED STATES MAGISTRATE JUDGE